IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2025

**STATE OF TENNESSEE v. CHRISTIAN WORKMAN**

**Appeal from the Circuit Court for Carroll County**
**No. 22CR46      Bruce Irwin Griffey, Judge**

_____

**No. W2024-01347-CCA-R3-CD**

_____

The Defendant, Christian Workman, appeals from the revocation of his probation, arguing the trial court improperly revoked his probation based upon his failure to pay court costs and supervision fees. The State concedes error, and after review, we agree. Accordingly, we reverse the judgment of the trial court and dismiss the revocation warrant.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Dismissed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and STEVEN W. SWORD, JJ., joined.

Matthew M. Maddox, Huntingdon, Tennessee, for the appellant, Christian Workman.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Neil Thompson, District Attorney General; and Michael Thorne, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.      FACTUAL AND PROCEDURAL HISTORY

On February 8, 2024, the Defendant pled guilty to two counts of aggravated assault and one count of reckless endangerment and received a negotiated sentence of fourteen years to be served on supervised probation. As noted in the special conditions section on the Defendant's reckless endangerment judgment form, the trial court ordered the Defendant upon his release to pay a minimum of $50 per month toward his supervision fees and court costs. On July 8, 2024, a violation of probation warrant was issued alleging

that the Defendant had committed domestic assault, a Class A misdemeanor, and had also failed to make monthly payments toward his supervision fees and court costs.

The trial court held a revocation hearing on August 12, 2024, at which the Defendant's probation officer, Michelle Wade, was the sole witness. Officer Wade testified that, shortly after the Defendant was placed on probation, he was seriously injured from being stabbed with a knife. The Defendant was hospitalized for approximately three weeks and required surgery "to remove a vein from his arm to put up into his chest[.]" Officer Wade could not recall whether the Defendant was employed at the time he was injured. She agreed that the Defendant had not provided any documentation of his medical issues or any associated inability to work, which was his responsibility per Tennessee Department of Correction ("TDOC") policy; however, she had no reason to disbelieve the seriousness of the injury he sustained. Officer Wade further confirmed that, during the entire period of his supervision, including throughout his hospitalization, the Defendant continued to report to her as directed.

Officer Wade also noted that the Defendant had failed to make any payments towards court costs or supervision fees as ordered since he had been placed on supervision. However, she acknowledged that the failure to make such payments was considered a "technical violation." Officer Wade did not testify—nor was any other proof offered at the hearing—regarding the Defendant's new criminal conduct as alleged in the violation of probation warrant.

At the conclusion of the hearing, the trial court revoked the Defendant's probation:

> [I]t's the Court's determination that when a Defendant enters a plea agreement to plead guilty to an offense, and the Court imposes a condition of that plea agreement that they make a good-faith effort to pay a minimum fifty dollars per month, that a willful failure to abide by that condition is a violation of the plea, subjecting them to revocation of the plea, and subjecting them to revocation of probation, if the Court finds they did so by [a] preponderance of the evidence.
>
> In this case, the Court concludes that there's no proof that Mr. Workman has made a good-faith effort. Officer Wade testified that Defendants are required to provide documentation of work, or if they're hospitalized, they're supposed to provide those records to the probation office. It's not the probation officer's job to go and hunt down records.

To date, [the Defendant] has failed to provide any documentation to the probation officer regarding his medical condition or his inability to work from any physician, physician statements, hospital, or anything like that.

It's, therefore, the conclusion of the Court . . . that, by [a] preponderance of the evidence, [the Defendant] has failed to make a good-faith effort to abide by the conditions of the order of the Court to make a minimum [payment] of fifty dollars per month towards Court costs. And, therefore, the Court's going to revoke [the Defendant's] supervision[ and] remand him to the custody of the Tennessee Department of Correction[] to serve [the] full balance of his sentence with TDOC.

Thereafter, defense counsel inquired whether the trial court was specifically determining that the Defendant's failure to pay was willful, and the trial court replied, "It's the Court's finding that he's willfully failed to make a good-faith effort to pay it, based upon the [lack of] . . . documentation." The Defendant filed a timely notice of appeal.

## II. ANALYSIS

On appeal, the Defendant contends that the trial court erred by revoking his probation based solely on proof of non-payment of court costs and supervision fees. The State concedes that the trial court erred on this point. We agree.

Appellate courts review a trial court's revocation of probation decision for an abuse of discretion with a presumption of reasonableness "so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequences on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). If a trial court fails to state its findings and reasoning for the revocation on the record, appellate courts may conduct a de novo review if the record is sufficiently developed, or the appellate court may remand the case for the trial court to make such findings. *Dagnan*, 641 S.W.3d at 759 (citing *State v. King*, 432 S.W.3d 316, 324 (Tenn. 2014)).

Probation revocation is a two-step consideration requiring trial courts to make two distinct determinations as to (1) whether to revoke probation and (2) what consequences will apply upon revocation. *Dagnan*, 641 S.W.3d at 757. No additional hearing is required

for trial courts to determine the proper consequences for a revocation. *Id.* The trial court's findings do not need to be "particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Id.* at 759 (citing *State v. Bise*, 380 S.W.3d 682, 705-06 (Tenn. 2021)).

"The trial judge may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." Tenn. Code Ann. § 40-35-311(d)(1). "If the trial judge finds by a preponderance of the evidence that the defendant has violated the conditions of probation and suspension of sentence, then the court may revoke the defendant's probation and suspension of sentence, in full or in part, pursuant to § 40-35-310." *Id.* Notwithstanding subdivision (d)(1), the probation statute provides for two categories of probation violations, technical and non-technical, with differing penalties for both. *State v. Walden*, No. M2022-00255-CCA-R3-CD, 2022 WL 17730431, at *3 (Tenn. Crim. App. Dec. 16, 2022). A technical violation "means an act that violates the terms or conditions of probation but does not constitute" an enumerated non-technical violation. Tenn. Code Ann. § 40-35-311(g).

A trial court may not revoke a defendant's probation and suspension of sentence for a felony offense, temporarily or otherwise, based upon one instance of a technical violation. *Id.* § -311(d)(2). For a second or subsequent technical violation, a trial court may revoke a defendant's probation and suspension of sentence for a felony offense and impose a temporary term of incarceration not to exceed: (1) fifteen days for a first revocation, (2) thirty days for a second revocation, (3) ninety days for a third revocation, or (4) the remainder of the sentence for a fourth or subsequent revocation. *Id.* § -311(e)(1)(A). Alternatively, upon a second or subsequent technical violation, a trial court may revoke a defendant's probation and resentence a defendant to a term of probation that includes participation in community-based alternatives to incarceration. *Id.* § -311(e)(1)(B).

In this case, the only proof adduced at the revocation hearing was that of the Defendant's failure to pay court costs and supervision fees. However, Tennessee Code Annotated section 40-24-105(a) provides that "no person shall be imprisoned" for failing to pay court costs. Likewise, Tennessee Code Annotated section 40-28-205(a)(1) contemplates the conversion of unpaid supervision fees to a civil judgment at the expiration of the term of probation. Thus, as to the non-payment of court costs and supervision fees, the Code flatly disallows incarceration for the former and strongly suggests that incarceration is impermissible for the latter.

Even if incarceration was an allowable sanction for failure to pay costs and supervision fees, due process and equal protection concerns require a trial court to find that

such non-payment was willful, or that a defendant failed to make sufficient bona fide efforts to acquire the resources to pay, before revoking probation. *See Bearden v. Georgia*, 461 U.S. 660, 664-73 (1983); *State v. Dye*, 715 S.W.2d 36, 39-41 (Tenn. 1986). We disagree with the trial court's determination that mere proof of the lack of payment, accompanied by the Defendant's failure to present certain documentation of his medical limitations or other inability to work, was sufficient to establish by a preponderance of the evidence that the Defendant's failure to pay was willful. On the contrary, the Defendant's probation officer testified that she believed he had been hospitalized for a lengthy period of time shortly after she began supervising him, which is—at the very least—an indication that the Defendant's failure to pay may have initially stemmed from circumstances outside of his control. No proof was introduced of the Defendant's willful refusal to pay, nor of his failure to make bona fide efforts to obtain the means to pay, and absent this proof, the trial court is not permitted to assume such. *See Bearden*, 461 U.S. at 672 (requiring a trial court to "inquire into the reasons for the failure to pay").

Furthermore, failure to make payments towards court costs and supervision fees does not "constitute a new felony, new Class A misdemeanor, zero tolerance violation as defined by the department of correction community supervision sanction matrix, absconding, or contacting the defendant's victim[.]" Tenn. Code Ann. § 40-35-311(g). Therefore, even if the Defendant's failure to pay was proven to be willful, this conduct would only constitute a technical violation. Pursuant to Tennessee Code Annotated section 40-35-311(d)(2), the trial court would have been statutorily prohibited from revoking the Defendant's probation solely on proof that he committed a single technical violation. For these reasons, we must conclude that the trial court abused its discretion by revoking the Defendant's probation in this matter.

### III.   CONCLUSION

Based upon the foregoing and consideration of the record as a whole, we reverse the judgment of the trial court and dismiss the violation of probation warrant.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE

- 5 -